GIBSON, DUNN & CRUTCHER LLP
MICHAEL LI-MING WONG (SBN 194130)
  mwong@gibsondunn.com
THAD A. DAVIS (SBN 220503)
  tdavis@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN (SBN 222831)
  jjessen@gibsondunn.com
PRIYANKA RAJAGOPALAN (SBN 278504)
  prajagopalan@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendant Uber Technologies, Inc.*

TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
THEODORE W. MAYA, SBN 223242
tmaya@ahdootwolfson.com
AHDOOT & WOLFSON, P.C.
1016 Palm Ave.
West Hollywood, California 90069
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Sasha Antman*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SASHA ANTMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and Does 1-50,<br><br>Defendants. | No. 3:15–CV–01175–LB<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:   June 25, 2015<br>Time:   11:00 a.m.<br>Ctrm:   C - 15th Floor<br>Before: Hon. Laurel Beeler |

1

Plaintiff Sasha Antman and Defendant Uber Technologies, Inc. ("Uber") respectfully submit this Joint Case Management Statement pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Civil L.R. 16-9, and the Standing Order for All Judges of the Northern District of California. Plaintiff's counsel, Theodore Maya, and Uber's counsel, Michael Li-Ming Wong, have met and conferred concerning the contents of this Statement.

## I. JURISDICTION AND SERVICE

Plaintiff asserts that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states, and under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because the aggregated claims of the individual class members exceed $5,000,000, exclusive of interest and costs. This Court has personal jurisdiction over Defendant, and venue is proper here, because it is headquartered within this District. Defendant has been served.

Uber believes Plaintiff lacks Article III standing because he has suffered no injury in fact fairly traceable to the conduct of Uber.

## II. FACTS

**A.    Plaintiff's Statement**

Plaintiff brings this class action against Defendant for its failure to secure and safeguard its drivers' personally identifiable information including names, drivers license numbers, and other personal identifiable information ("PII") (collectively, "Private Information"), and for failing to provide timely and adequate notice to Plaintiff and other Class members that their Private Information had been stolen and precisely what types of information were stolen.

Defendant develops, markets, and operates a mobile-app-based transportation network called Uber. The Uber app allows consumers to submit a trip request on their smartphone, which is routed to Defendant's drivers.

Beginning in or around May 2014, an unknown person or persons (the "Hacker") utilized what Defendant has described as a "security key" to download files from Defendant's computer system containing its drivers' Private Information (the "Data Breach"). (Complaint in *Uber Techs., Inc. v. Doe*, N.D. Cal. Case No. 15-cv-00908-LB, Docket No. 1, filed 2/27/15.) Defendant did not

disclose the Data Breach until February 27, 2015, when it disseminated a press release concerning the Data Breach.  Defendant admits in its Press Release that it knew of the Data Breach at least as early as September 17, 2014 — over five months before Defendant issued the Press Release or made any effort whatsoever to notify Plaintiff and other Class Members that their Private Information had been disclosed in the Data Breach.

Defendant's Press Release further states that "unauthorized access to an Uber database by a third party . . . occurred on May 13, 2014," and that "the unauthorized access impacted approximately 50,000 drivers across multiple states."  News reports and a subpoena issued by Defendant in connection with the above-described *Doe* proceedings indicate that the "security key" used by the Hacker to perpetrate the Data Breach was publicly available on the internet via one or more GitHub webpages (and/or via the GitHub app, which is an app designed for sharing code among app developers).

Plaintiff previously worked as an Uber driver in San Francisco, receiving his last payment for such services in or around September 2013.  On or around June 2, 2014, an unknown and unauthorized person used Plaintiff's Private Information to apply for a credit card with Capital One, which now appears on Plaintiff's credit report.  Plaintiff received notification from Defendant in or around March 2015, notifying him for the first time that his Private Information was disclosed in the Data Breach, even though he no longer was working as an Uber driver at the time of the Data Breach. Defendant's notification to Plaintiff did not include any explanation for the long delay in its issuance or indicate that the delay was due to any law enforcement investigation.

**B.     Defendant's Statement**

Uber is a technology company that has developed a software application which connects drivers and riders in cities all over the world.  Uber publicly launched in June 2010, and its technology is now available in more than 200 cities around the globe. Thousands of driver partners use Uber's smartphone app to receive requests for transportation services.  Uber maintains internal database files with confidential details on the drivers who use its application.  Uber closely guards the contents of these internal database files and grants access only to certain Uber employees who possess unique security keys.

In May 2014, an unknown individual used a unique security key to download Uber database files containing confidential and proprietary information from Uber's protected computers including a list of drivers' names and driver license numbers. When Uber discovered this incident in September 2014, it began investigating the scope and nature of the incident, and contacted law enforcement. Following its investigation, Uber sent notices to the drivers whose names and driver license numbers were in the internal database files potentially accessed by the third party, in order to notify them of the potential breach and offer them a year of free credit monitoring.

On March 12, 2015, Plaintiff Sasha Antman, a resident of Oregon, and a former driver partner of Uber who stopped using the Uber app to offer rides in October 2013, filed a putative class action complaint against Uber. Plaintiff seeks to represent all persons residing in the United States whose personal information was disclosed in the data breach affecting Uber. Plaintiff asserts causes of action under California Civil Code Sections 1798.81.5 and 1798.82 and California's Unfair Competition Law, claiming that Uber failed adequately to safeguard "names, drivers license numbers, and other personal information" from illicit access, and that when the database was unlawfully accessed by the unknown third party, Uber allegedly failed timely to notify the impacted drivers. Plaintiff does not specify what "other personal information" the Amended Complaint's vague assertion refers to, nor does he provide any support for this allegation. Uber vigorously disputes Plaintiff's claims that Uber's conduct violated any law, including the UCL or California Civil Code Sections 1798.81.5 and 1798.82.

Plaintiff asserts that "around June 2, 2014, an unknown and unauthorized person used Plaintiff's Private Information to apply for a credit card with Capital One, which now appears on Plaintiff's credit report." This alleged incident is Plaintiff's only concrete allegation of actual "misuse" of his information. Plaintiff's only other allegations of "harm" stem from his belief that he and the proposed class "now face years of constant surveillance of their financial and personal records, monitoring and loss of rights." As Uber will discuss in more detail in its forthcoming Motion to Dismiss, Plaintiff's allegations of "harm" are too vague and speculative to constitute the required injury-in-fact necessary to confer standing under Article III of the Constitution or the California state statutes upon which Plaintiff relies.

### III. LEGAL ISSUES

Plaintiff brings this action as a class action, and asserts claims for: (1) breach of California's Customer Records Act, Cal. Civ. Code §§ 1798.80 *et seq.*; and (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. Plaintiff seeks certification of a national class and a California class. The National Class initially is defined as: "All persons residing in the United States whose personal information was disclosed in the data breach affecting Uber Technologies, Inc. in 2014," and the California Class is initially defined as: "All persons residing in California whose personal information was disclosed in the data breach affecting Uber Technologies, Inc. in 2014."

Issues that may come up before the Court include the following: (1) whether Plaintiff has Article III or statutory standing under either of the two counts asserted in the operative Amended Complaint; (2) whether Plaintiff states a claim under either of those counts; (3) whether Plaintiff's claims are subject to arbitration; and (4) whether a plaintiff class may be certified under Federal Rule of Civil Procedure 23.

### IV. MOTIONS

No motions have yet been filed. Uber anticipates responding to the Amended Complaint with a motion to dismiss under Rules 12(b)(1) and 12(b)(6). Plaintiff anticipates moving to certify a class under Federal Rule of Civil Procedure 23. Uber reserves the right to file an affirmative motion to deny class certification. In addition, one or both parties may file a motion for summary judgment or for partial summary judgment under Federal Rule of Civil Procedure 56.

### V. AMENDMENT OF PLEADINGS

Plaintiff has amended the complaint in this action once as a matter of right. Plaintiff may seek to amend his complaint further in order to add additional parties or claims and, in such event, will seek a stipulation from Defendant under Rule 15(a)(2).

The parties propose October 31, 2015 as the deadline to amend the pleadings (including adding new parties).

## VI. EVIDENCE PRESERVATION

The parties have reviewed the ESI Guidelines and Checklist. The parties have taken steps to ensure that evidence is being, and will continue to be, preserved.

## VII. DISCLOSURES

The parties stipulate to extend the deadline to provide initial disclosures until July 17, 2015.

## VIII. DISCOVERY

**A.  Discovery Taken to Date**

No discovery has been taken to date.

**B.  Scope of Anticipated Discovery**

  **1.  Plaintiff's Statement**

Plaintiff may seek discovery related to issues raised by the motion Defendant will file in response to Plaintiff's Amended Complaint, depending on the nature of that motion. After that motion has been filed, Plaintiff anticipates propounding discovery germane to class certification. Such discovery will focus on the facts surrounding the Data Breach, information Defendant may have gleaned since the Data Breach including by way of any subpoenas issued in connection with the related *Doe* action, and Defendants' policies, procedures, and practices related to the security and maintenance of the Personal Information that was compromised in the Data Breach. Given the potential overlap between class certification and merits issues, Plaintiff believes formal bifurcation between class certification and merits discovery is unwarranted.

Plaintiff contends that a formal stay of discovery is unnecessary pending any Rule 12 motion practice. Plaintiff will meet and confer in good faith regarding appropriate discovery.

  **2.  Uber's Statement**

Should Plaintiff's Amended Complaint survive Uber's motion to dismiss, Uber intends to take discovery on Plaintiff's lack of harm, which goes to the key issue of whether Plaintiff has Article III and statutory standing to invoke the jurisdiction of this Court. Uber respectfully submits that Plaintiff's Amended Complaint can and should be dismissed with prejudice for failure to plead any injury-in-fact fairly traceable to the conduct of Uber, but if the Amended Complaint survives, Uber believes discovery will definitively demonstrate that Plaintiff has suffered no injury-in-fact, which

can then be the basis for an early summary judgment motion.  Uber submits that unless and until Plaintiff has established that he has standing to invoke the jurisdiction of the Court, discovery should be stayed.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion…since the appellants' complaint did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss.").

If discovery proceeds, Uber, although it does not propose a bifurcation of class and merits discovery, believes that discovery should focus on Plaintiff's (and the putative class members') lack of standing and class certification issues.  Should this case proceed and fact discovery commence, Uber submits that the discovery proceeding in *Uber Techs., Inc. v. Doe* (Case No. 15-cv-00908-LB) will be highly relevant to this action as well.

**C.     Electronically Stored Information ("ESI")**

Plaintiff plans to request that Defendant provide the ESI-related information referred to in Rule 26(f), the Northern District's "Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information," and ESI Guideline 2.02, including the following general information: (1) a description of systems in which potentially discoverable information is stored; (2) a list of potentially relevant witnesses and ESI custodians, including each person's name, job title(s), description of job role(s), time period during which the person held the job title(s), current employer, and if not currently employed by Defendant, the person's current contact information if known; and (3) any code words, nicknames and shorthand reference for relevant issues or facts in the case reasonably needed to develop appropriate keywords or phrases for culling ESI.  This information is useful and necessary to develop an appropriate plan for the production of ESI, and may enable the parties to prioritize the production of ESI given the importance of specific subsets relative to the stage of litigation and the burden of production.

The parties agree to cooperate in development of a protocol for production of ESI in this case.

**D.     Privilege Issues**

The parties anticipate they will agree upon and submit to the Court a proposed stipulated protective order, based on the Northern District's form, which will apply to confidential and/or privileged information produced and/or requested in discovery. The parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created after March 12, 2015, need not be logged. The Parties are in discussions on and may enter into a stipulation regarding further procedures with respect to privilege logs.

**E.     Changes to the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure**

Without prejudice to their ability to seek leave from applicable rules, at this stage the parties do not request changes to the limitations on discovery imposed under the federal or local rules. The parties suggest that deadlines for the completion of non-class-certification related expert and non-expert discovery be set following the Court's decision on Plaintiff's anticipated motion for class certification and Uber's motion for summary judgment with respect to the named Plaintiff (if necessary).

## IX.     CLASS ACTIONS

Plaintiff anticipates filing a motion for class certification pursuant to Fed. R Civ. P. 23(a) and (b). The parties propose alternative schedules for such briefing, below.

## X.     RELATED CASES

This action has been related to *Uber Techs., Inc. v. Doe*, N.D. Cal. Case No. 15-cv-00908-LB. (Docket No. 15, Related Case Order filed 5/1/15.)

## XI.     RELIEF

Plaintiff seeks the following relief in the Amended Complaint: (A) an Order certifying this action as a class action and appointing Plaintiff and his counsel to represent the class; (B) equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' Private Information, and from refusing to issue prompt, complete and accurate disclosures to Plaintiff and Class members; (C) equitable relief compelling Defendant to utilize appropriate methods and policies with respect to its data collection, storage, and safety practices and to disclose with specificity to Class members the

8

type of data compromised in the Data Breach, and other information required under Cal. Civ. Code § 1798.82; (D) equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct; (E) an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined; (F) an award of costs of suit and attorneys' fees, as allowable by law; and (G) such other and further relief as this court may deem just and proper. The computation of any restitution or damages owed cannot be determined until the information is obtained from Defendants and possibly third parties and/or expert consultants and/or witnesses.

Uber disputes that Plaintiff is entitled to any relief at all and asserts that the Court should dismiss the Amended Complaint with prejudice. Uber further disputes that Plaintiff may establish a class-wide basis for awarding damages or obtaining injunctive relief. Uber reserves all of its defenses to individualized remedies (assuming Plaintiff is able to establish liability, which Uber contests). Uber also reserves the right to seek its attorneys' fees.

## XII. SETTLEMENT AND ADR

The parties intend to participate in private mediation with a retired judge, and filed a Stipulation and [Proposed] Order Selecting ADR Process on May 22, 2015. The parties continue to discuss timing of such ADR.

## XIII. CONSENT TO A MAGISTRATE JUDGE

Both parties have consented to a magistrate judge in this action. (Docket Nos. 12, 17.)

## XIV. OTHER REFERENCES

The parties are not aware of any appropriate other reference for this case.

## XV. NARROWING OF ISSUES

After adequate discovery has been conducted, including concerning issues related to class certification, the parties will be in a better position to determine, if necessary, whether issues can be narrowed by agreement or by motion.

As discussed above, Uber believes any early discovery should focus on Plaintiff's lack of harm.

## XVI.  EXPEDITED TRIAL PROCEDURE

The parties respectfully submit that the Expedited Trial Procedure of General Order No. 64 should not apply here.

## XVII.  SCHEDULING

The parties respectfully submit that the Court should set a schedule up to and including a hearing on Plaintiff's motion for class certification and Defendant's motion for summary judgment (with respect to the named Plaintiff), and that subsequent to the Court's decision on those motions, a case management conference should be set to address the schedule for the balance of the litigation. At the upcoming case management conference, counsel will be prepared to address dates for a post-certification schedule, if the Court so prefers.

The parties agree on the following partial proposed schedule, but disagree about subsequent deadlines related to Plaintiff's motion for class certification and Defendant's motion for summary judgment (with respect to the named Plaintiff).

### A.  **Joint Proposed Partial Schedule**

| EVENT | DATE |
| --- | --- |
| Deadline for Uber to file Motion in Response to Plaintiff's Amended Complaint | June 18, 2015 |
| Deadline to exchange initial disclosures | July 17, 2015 |
| Deadline for Plaintiff to file Opposition to Uber's Motion in Response to the Amended Complaint | July 20, 2015 |
| Deadline for Uber to file Reply in Support of Motion in Response to Plaintiff's Amended Complaint | August 10, 2015 |
| Hearing on Uber's Motion in Response to Plaintiff's Amended Complaint | September 17, 2015 at 9:30 a.m. |

| Deadline to amend complaint or add, amend, or change parties, without stipulation or Court order | October 31, 2015 |
|---|---|

B. **Plaintiff's Proposed Remaining Schedule**

Plaintiff opposes Defendant's proposed deadlines that would require Plaintiff to disclose certification-related experts prior to completion of his briefing and, possibly, prior to completion of certification-related discovery, but would not require Defendant to disclose experts it may use in support of its anticipate motion for summary judgment on the same schedule.  Plaintiff anticipates working with expert(s) throughout the certification-briefing process, and may not finalize decisions regarding what, if any, expert testimony to introduce in support of such a motion until shortly before the motion is finalized.  Plaintiff contends that the extended briefing schedule proposed by both parties should allow Defendant adequate time to conduct certification-related expert discovery following Plaintiff's filing of the certification motion, and likewise should allow Plaintiff adequate time to conduct any expert discovery following Defendant's filing of its opposition.  The same is true with respect to expert testimony Defendant may introduce in support of its motion for summary judgment.  Plaintiff reserves the right to seek modification of any schedule if significant discovery delays, or copious expert reports require such modification.

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline to file motions under Rule 23 related to class certification | April 4, 2016 |
| Deadline to file Defendant's motion for summary judgment (against named Plaintiff) | April 4, 2016 |
| Deadline to file opposition to motions under Rule 23 related to class certification | June 3, 2016 |
| Deadline to file Plaintiff's opposition to Defendant's motion for summary judgment (against named Plaintiff) | June 3, 2016 |
| Deadline to file reply in further support of motions under Rule 23 related to class certification | August 2, 2016 |
| Deadline to file reply in further support of Defendant's motion for | August 2, 2016 |

11

| Event | Proposed Deadline |
|---|---|
| summary judgment (against named Plaintiff) | |
| Hearing on class certification/summary judgment (against named Plaintiff)/further Status Conference | August 18, 2016, 9:30 a.m., or as the Court's calendar permits |
| Fact discovery cutoff | To be determined after decision on Plaintiff's motion for class certification and Defendant's motion for summary judgment against named Plaintiff ("TBD") |
| Initial expert disclosures | TBD |
| Rebuttal expert disclosures | TBD |
| Expert discovery cutoff | TBD |
| Final Dispositive motion deadline | TBD |
| Final pretrial conference | TBD |
| Trial Date | TBD |

**C.  Uber's Proposed Remaining Schedule**

Uber reasonably believes that, in the interests of fairness and common practice, Plaintiff should identify his class-certification-related expert(s) in advance of filing his opening class certification brief, so that Uber has sufficient time to likewise identify its own expert(s) in response. Uber is entitled to some advance notice regarding Plaintiff's certification-related expert(s), particularly because this is information Plaintiff will have well in advance of filing his opening brief for the motion for class certification.

In the interests of compromise and in order to provide the Court with a single, jointly proposed schedule, Uber offered to agree to Plaintiff's proposed schedule above if Plaintiff agreed to identify his class-certification-related expert(s) in advance of filing his opening class certification brief, but Plaintiff refused to do so.  Therefore, Uber proposes the following remaining schedule.

| Event | Date |
|---|---|
| Deadline for Plaintiff to designate the names, curriculum vitae and subject areas of expected testimony for all experts in support of motion for class certification pursuant to Fed. R. Civ. Proc. 26(a)(2)(A) | March 4, 2016 |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 3:15-cv-01175-LB

| | |
|---|---|
| Deadline for Uber to designate the names, curriculum vitae and subject areas of expected testimony for all experts in opposition to motion for class certification pursuant to Fed. R. Civ. Proc. 26(a)(2)(A) | April 5, 2016 |
| Deadline for Plaintiff to file Motion for Class Certification and all supporting declarations, evidence, and other papers | May 5, 2016 |
| Uber's Motion for Summary Judgment (against named Plaintiff) | May 5, 2016 |
| Deadline for Uber to file Opposition to Motion for Class Certification and supporting declarations, evidence, and other papers | July 7, 2016 |
| Plaintiff's Opposition to Uber's Motion for Summary Judgment (against named Plaintiff) | July 7, 2016 |
| Deadline for Plaintiff to file Reply in Support of Motion for Class Certification | August 8, 2016 |
| Uber's Reply in Support of Motion for Summary Judgment (against named Plaintiff) | August 8, 2016 |
| Hearing on Motion for Class Certification / Defendant's Motion for Summary Judgment (against named Plaintiff) / Further Status Conference | September 1, 2016, at 9:30 a.m., or as the Court's calendar permits |

## XVIII. TRIAL

Plaintiff has demanded a jury trial. The parties agree to postpone specific consideration of the length or date of trial until after the Court's determination of summary judgment and/or class certification, but in the event that the Court wishes to set a particular date, the parties propose a starting trial date of February 13, 2017.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed certifications of interested entities. (Docket Nos. 3, 11.) Plaintiff's Certification (Dkt. 3), states that, "as of this date, other than the named parties, there is no such interest to report." Uber Technologies' Certification (Dkt. 11) states as follows: "Pursuant to Federal Rule of Civil Procedure 7.1(a), Uber Technologies Inc., through its undersigned counsel, hereby certifies that Uber Technologies Inc. has no parent corporation and that no one owns more than 10 percent of Uber Technologies Inc.'s outstanding common stock. In addition, pursuant to Civil Local Rule 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

## XX.   PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California and will adhere to them.

DATED: June 17, 2015

Respectfully Submitted,
MICHAEL LI-MING WONG
THAD A. DAVIS
JOSHUA A. JESSEN
PRIYANKA RAJAGOPALAN
GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Michael Li-Ming Wong*
         MICHAEL LI-MING WONG

Attorneys for Uber Technologies, Inc.

DATED:  June 17, 2015

TINA WOLFSON
ROBERT AHDOOT
THEODORE W. MAYA
AHDOOT & WOLFSON, P.C.

By:   */s/ Theodore Maya*
         THEODORE W. MAYA

Attorneys for Plaintiff, Sasha Antman

**ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-1, I, Theodore Maya, attest that concurrence in the filing of this document has been obtained from all other signatories shown above.

DATED:  June 17, 2015

By:   */s/ Theodore Maya*
         THEODORE W. MAYA