GIBSON, DUNN & CRUTCHER LLP
MICHAEL LI-MING WONG (SBN 194130)
  mwong@gibsondunn.com
THAD A. DAVIS (SBN 220503)
  tdavis@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN (SBN 222831)
  jjessen@gibsondunn.com
PRIYANKA RAJAGOPALAN (SBN 278504)
  prajagopalan@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendant Uber Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SASHA ANTMAN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC. and Does 1-50,<br><br>　　　　　Defendant. | No. 3:15–cv–01175–LB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>*HEARING:*<br>• DATE: SEPTEMBER 17, 2015<br>• TIME: 9:30 A.M.<br>• PLACE:  COURTROOM C, 15TH FLOOR<br>　　　　THE HONORABLE LAUREL BEELER |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201, Defendant Uber Technologies, Inc. ("Uber") hereby requests that the Court take judicial notice of the following materials in support of its Motion to Dismiss (the "Motion") Plaintiff's Amended Complaint (the "Amended Complaint"):

1. A true and correct copy of an Uber Press Release ("Press Release"), dated February 27, 2015, attached as **Exhibit A** to the Declaration of Michael Li-Ming Wong ("Wong Declaration");

2. A true and correct copy of a Capital One credit card application, dated June 3, 2015, attached as **Exhibit B** to the Wong Declaration; and

3. A true and correct copy of the California Senate Committee on Privacy's Bill Analysis of AB 700, in the 2001-2002 Regular Session, Hearing Date: August 21, 2002, attached as **Exhibit C** to the Wong Declaration.

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE REQUESTED EXHIBITS

### A. PLAINTIFF'S AMENDED COMPLAINT SPECIFICALLY ALLEGES AND NECESSARILY RELIES UPON THE UBER PRESS RELEASE AND CAPITAL ONE CREDIT CARD APPLICATION (EXHIBITS A AND B TO THE WONG DECLARATION)

As detailed in Uber's motion to dismiss, Plaintiff's reliance on two allegations demonstrates why his Amended Complaint should be dismissed for lack of standing:

1. Plaintiff cites Uber's Press Release in the Amended Complaint; the Press Release states, in pertinent part, that: 1) the files illicitly accessed during the May 2014 data breach "contained only the name and driver's license number of some driver partners;" 2) there was no evidence that any of this information had been misused; and 3) Uber would provide any affected drivers with a free one-year membership of Experian's ProtectMyID alert.  (Am. Compl. ¶¶ 11-14.)

2. Plaintiff also asserts in the Amended Complaint that an unknown person used Plaintiff's personal information to apply for a Capital One credit card, which constitutes Plaintiff's only allegation that his personal information was actually "misused," supposedly as a result of the Uber data breach.  (Am. Compl. ¶ 19.) Plaintiff thus implicitly relies on the fact that a Capital One credit card application can be completed using only an individual's full name and driver's license number.

Accordingly, because Plaintiff's Amended Complaint references and relies on both the Press Release and the Capital One credit card application form, the Court should consider these agreements

in ruling on Uber's motion.  *See* Wong Declaration, Exs. A (Press Release) and B (sample Capital One credit card application).

The doctrine of incorporation by reference allows a court to consider documents submitted with a defendant's Rule 12(b) motion "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *cf.* Fed. R. Civ. P. 10(c).  This is so "even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  The policy behind the incorporation doctrine is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds).

Plaintiff's Amended Complaint necessarily relies on the Press Release.  Plaintiff asserts that Uber disclosed the data breach on February 27, 2015 through dissemination of the Press Release. (Am. Compl. ¶ 11.)  He further cites the Press Release as indicating that Uber knew of the breach in September 2014.  (*Id.* ¶ 12.)  In addition, he selectively quotes the Press Release's statements that the third party's unauthorized access to Uber's database occurred on May 13, 2014 and affected approximately 50,000 drivers.  (*Id.* ¶ 13.)  Finally, he refers to the Press Release's notification regarding Uber's John Doe lawsuit against the unidentified third party who accessed its database. (*Id.* ¶ 14.)  But Plaintiff failed to append the Press Release to his Amended Complaint.

Additionally, as Plaintiff notes in his Amended Complaint, the Press Release can be accessed at http://blog.uber.com/2-27-15.  (Am. Compl. ¶ 11 (providing web address to and quoting directly from the Press Release).)  As Plaintiff specifically quotes from the Press Release, authenticity is not in question, and there are no disputed issues as to its relevance.  *Coto*, 593 F.3d at 1038.  Accordingly, the Court may consider the Press Release in ruling on the Motion.  *See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("tak[ing] into consideration" materials that plaintiffs "quoted . . . and provided the web address where the [materials] could be found online"); *Yunker v. Pandora Media, Inc.*, No. 11-cv-03113 JSW, 2014 WL 988833, at *1 n.3

(N.D. Cal. Mar. 10, 2014) (considering Pandora's privacy policy, as plaintiffs did not object to the request, did not dispute the policy's authenticity, and "reli[ed] on the Privacy Policy in their complaint"); *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119-LHK, 2014 WL 234218, at *7 n.6 (N.D. Cal. Jan. 21, 2014) (taking judicial notice of material because party could not "simultaneously rely in the [complaint] on the aspects of the [material] that are in its favor but prevent the Court from utilizing the incorporation by reference doctrine to consider aspects of the [material] that hinder [the party's] position").

The Amended Complaint also necessarily relies on the Capital One credit card application. The Amended Complaint, to the extent that it alleges any kind of purported harm to Plaintiff, turns on the allegation that, supposedly as a result of the Uber data breach (in which Plaintiff's name and driver's license were allegedly accessed), "around June 2, 2014, an unknown and unauthorized person used Plaintiff's Private Information to apply for a credit card with Capital One, which now appears on Plaintiff's credit report." (Am. Compl. ¶ 19.) This single allegation forms the only possible basis on which Plaintiff even attempts to show a cognizable injury. Additionally, the veracity of the Capital One credit card application "is not subject to reasonable dispute," as it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) & (b)(2); *see also Van Hook v. Curry*, No. C 06-3148 PJH, 2009 WL 773361, at *1 (N.D. Cal. Mar. 23, 2009) (taking judicial notice of materials "not subject to reasonable dispute"); *U.S. Bank Nat. Ass'n v. Mikels*, No. C 12-0047 CW, 2012 WL 506565, at *1 n.1 (N.D. Cal. Feb. 15, 2012) (taking judicial notice of materials "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Thus, Plaintiff necessarily relies on both the Press Release and the Capital One credit card application. The authenticity of these documents is not reasonably subject to dispute, and both are further authenticated in the supporting Wong Declaration. (Wong Declaration ¶¶ 3-4.) Thus, the court should take judicial notice of the Press Release and the Capital One credit card application. Plaintiff is estopped from denying the existence and authenticity of the Press Release and Capital One credit card application given his Amended Complaint's inherent reliance on them.

### B. SECTION 1798.82'S LEGISLATIVE HISTORY (EXHIBIT C) IS ALSO SUBJECT TO JUDICIAL NOTICE

The Court also may consider Exhibit C to the Wong Declaration, which is a true and correct copy of the California Senate Committee on Privacy's Analysis of AB 700, 2001-2002 Regular Session, Hearing on August 21, 2002.  The Senate Analysis, which outlines legislative intent in passing Section 1798.82 of the California Civil Code, is "[l]egislative history [that] is properly a subject of judicial notice."  *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *Hightower v. City & County of San Francisco*, No. C-12-5841 EMC, 2013 WL 361115, at *3 (N.D. Cal. Jan. 29, 2013) (noting "legislative history of [statute]" should be "subject to judicial notice"); *Zephyr v. Saxon Mortg. Servs., Inc.*, 873 F. Supp. 2d 1223, 1226 (E.D. Cal. 2012).  As Plaintiff's Amended Complaint alleges a claim under Section 1798.82, this legislative material can be considered to construe the statutory provision at issue and is properly subject to judicial notice.  *See In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of Senate Report No. 99-541, as it was a "legislative history report for the statute at the heart of Plaintiffs' principal claim").

### II. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court take judicial notice of Exhibits A, B, and C attached to the Wong Declaration.

Respectfully submitted, this 18th day of June, 2015.

By: /s/ Michael Li-Ming Wong
    Michael Li-Ming Wong
    Thad A. Davis
    Joshua A. Jessen
    Priyanka Rajagopalan

*Attorneys for Defendant Uber Technologies, Inc.*