UBER TECHNOLOGIES, INC.
KEITH YANDELL (SBN 233146)
yandell@uber.com
1455 Market Street, Floor 4
San Francisco, CA 94103
Telephone: 925.708.7552

*Attorney for Defendant Uber Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHA ANTMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and Does 1-50,<br><br>Defendant. | No. 3:15–cv–01175–LB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION FOR COURT ORDER DIRECTING COMCAST TO PRODUCE SUBPOENAED RECORDS**<br><br>THE HONORABLE LAUREL BEELER |

**Motion for Court Order Directing Comcast to Produce Subpoenaed Records**

On October 19, 2015, Uber Technologies, Inc. ("Uber") served Comcast Corporation ("Comcast") with a subpoena requesting the production of documents regarding an Internet Protocol ("IP") address, ███████, between March 11, 2014 and May 13, 2014.  The subpoena is attached hereto as Exhibit 1.

On October 21, 2015, Comcast responded by letter to Uber's request.  This letter is attached hereto as Exhibit 2.  Comcast stated in its letter that it is prohibited from disclosing the subpoenaed information without a court order authorizing disclosure pursuant to 47 U.S.C. § 551(c)(2)(B).  Comcast did not express any objection to Uber's requests so long as a court order is entered.

Under the Cable Communications Policy Act of 1984, 47 U.S.C. §551, the subpoenaed records, which contain personally identifiable information, may be disclosed pursuant to a court order.  *See* 47 U.S.C. §551(c)(2) ("[A] cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber" unless "disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.").

Uber respectfully requests that the Court issue an order directing Comcast to produce the records in this case because the requested records are relevant to Uber's defense that Plaintiff lacks standing, and are "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1); *see Survivor Media, Inc. v. Survivor Prods.*, 406 F3d 625, 635 (9th Cir. 2005).  This Court previously granted Uber's motion for expedited discovery from Comcast in the related case, *Uber Techs., Inc. v. John Doe I*, Case No. 3:15-cv-00908-LB (the "John Doe" action). (ECF No. 16-17, 20.)  In granting that discovery, the Court acknowledged that (1) Comcast likely has subscriber information for the IP addresses; (2) Comcast likely has information linking the subscriber for the IP addresses to the unauthorized access to Uber systems at issue in both this action and the John Doe action; and (3) the requested information concerning these IP addresses will advance Uber's investigation regarding the identity of John Doe.  (ECF No. 20 at 3-4 (citing ECF No. 16.))  Moreover, the Court found that "[p]roducing this information should not unduly prejudice Comcast.  Comcast is a sophisticated business that is likely accustomed to responding to subpoenas so that, as

1  Uber contends, 'it will not be burdened by this straightforward request involving one IP address.'
2  (ECF No. 16 at 5.)  More precisely, Uber's need for the requested discovery outweighs whatever
3  small burden the subpoena may impose on Comcast." (*Id*. at 3.)
4      The Court's analysis weighs even more strongly in favor of production of the Comcast
5  records here, where the parties have conferred pursuant to Fed. R. Civ. P. 26(f) and fact discovery is
6  already underway; accordingly, the heightened standards for expedited discovery do not apply.
7  Further, the identity of John Doe is of vital importance in this case.  Indeed, at the recent hearing on
8  Uber's Motion to Dismiss, the Court repeatedly emphasized the relevance of the identity of John Doe
9  to the viability of Plaintiff's case.  (10/8/15 Hearing Transcript 8:15-9:16, 11:3-13:6, 14:19-15:6.)
10      For the foregoing reasons, Uber requests this Court issue an order directing Comcast
11  to produce the subpoenaed records pursuant to 47 U.S.C. §551(c)(2)(B).

Dated: November 10, 2015　　　　　　　　　　Respectfully submitted,

By: /s/ *Keith Yandell*
    KEITH YANDELL
    *Attorney for Uber Technologies, Inc.*

# EXHIBIT 1

Case 3:15-cv-01175-LB   Document 49   Filed 11/10/15   Page 4 of 17

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| SASHA ANTMAN <br> *Plaintiff* <br> v. <br> UBER TECHNOLOGIES, INC. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:15–CV–01175–LB |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Corporation, c/o Agent for Service of Process CT Corporation System, 818 West Seventh St., Suite 930, Los Angeles, California 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   PLEASE SEE EXHIBIT A ATTACHED

| Place: Uber Technologies, Inc., c/o Michael Cianfrani <br> 1455 Market St., 4th Floor, San Francisco, CA 94103 | Date and Time: <br> 11/09/2015 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/19/2015

*CLERK OF COURT*

OR

_____          *Keith Yandell* (enc)
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
UBER TECHNOLOGIES, INC. _____ , who issues or requests this subpoena, are:
Keith Yandell, yandell@uber.com, (925) 708-7552, Uber Techs., 1455 Market St., 4th Floor, San Francisco, CA 94103

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:15–CV–01175–LB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:15-cv-01175-LB   Document 49   Filed 11/10/15   Page 7 of 17

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Comcast Corporation ("Comcast") shall, utilizing the definitions and instructions set forth below, produce the documents set forth below.

### DEFINITIONS

1. "DOCUMENTS" includes papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data and data compilations and also includes electronic or magnetic data, as defined in Rule 34(a) of the Federal Rules of Civil Procedure. Electronic or magnetic data should be produced on a DVD or another mutually agreed-upon electronic data storage medium in a mutually agreed-upon file format. "DOCUMENTS" includes all metadata associated with an electronic file or DOCUMENT by any Microsoft system, and metadata contained within an electronic file or DOCUMENT.

1. "SUBSCRIBER" shall mean the person or persons assigned the Internet Protocol ("IP") address ███████.

### INSTRUCTIONS

1. Please produce any documents from any single file in the same order as they were found in such file, including any labels, files, folders, and/or containers in which such documents are located or associated. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

2. To the extent you believe that electronically stored information must be searched and/or produced in response to any request, please provide the information requested by Rules 34(b)(2)(D)–(E) of the Federal Rules of Civil Procedure.

3. Please direct any response or objections to this subpoena to Michael Cianfrani, 1455 Market St., 4th Floor, San Francisco, CA 94103.

4. Please immediately preserve any potentially responsive records in your possession, custody, or control, including by suspending routine deletion procedures that might result in the deletion or overwriting of records that may be responsive to this subpoena.

### REQUESTS FOR PRODUCTION

2. All DOCUMENTS, including communications, logs or other information regarding the SUBSCRIBER IP address, ▮▮▮▮▮▮▮, between March 11, 2014 and May 13, 2014. This includes the name, address, telephone number, email address(es), Media Access Control ("MAC") address(es), and any other identifying information relating to the ▮▮▮▮▮▮▮ address.

3. All DOCUMENTS, including communications, logs or other information regarding SUBSCRIBER's access to the ▮▮▮▮▮▮▮ IP address between March 11, 2014 and May 13, 2014, and any specific information related to SUBSCRIBER's access on May 12, 2014 on or about 9:47 pm PDT.

4. All DOCUMENTS, including communications, logs or other information regarding SUBSCRIBER's access to the domain ▮▮▮▮▮▮▮ between March 11, 2014 and May 13, 2014, and any specific information related to SUBSCRIBER's access on May 12, 2014 on or about 9:47 pm PDT.

5. All DOCUMENTS, including communications, logs or other information regarding any individual user or machine on SUBSCRIBER's network that accessed https://gist.githubusercontent.com/hhlin/9556255/raw/2a4fae0e6d443b29826096fe043409e2c305bb79/insurance_fun.py, https://api.github.com/gists/9556255/, and/or

https://gist.github.com/hhlin/9556255 on or about April 12, 2014.  This includes the name, address, telephone number, email address(es), Media Access Control ("MAC") address(es), and any other identifying information relating to the aforementioned access.

6. SUBSCRIBER's means of and source of payment (including any credit card or bank account number) relating to the aforementioned DOCUMENTS.

# EXHIBIT 2



Legal Response Center
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

**CONFIDENTIAL**

October 21, 2015

**VIA UPS**

Mr. Michael Cianfrani
1455 Market Street, 4th Floor
San Francisco, CA 94103

      Re:    Sasha Antman v. Uber Technologies, Inc.
              United States District Court for the Northern District of California
              Case No.: 3:15-CV-01175-LB
              Comcast Case #: **693598-99**

Dear Mr. Cianfrani:

       The Subpoena dated 10/19/2015 with respect to the above-referenced matter has been forwarded to the Legal Response Center for a reply. The Subpoena requests Comcast to produce certain subscriber records pertaining to the following IP addresses: ▓▓▓▓▓▓▓▓ assigned between 3/11/2014 and 5/13/2014 and ▓▓▓▓▓▓▓▓ assigned between 3/11/2014 and 5/13/2014 **specifically on 5/12/2014 at 9:47 pm PDT.**

       Please note Comcast has no information for IP address ▓▓▓▓▓▓▓▓. The IP address requested is not registered to Comcast. Please consult www.arin.net to determine the likely internet service provider of ▓▓▓▓▓▓▓▓.

       The information requested under the Subpoena is governed by Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551. Under that statute, a cable operator is prohibited from disclosing personally identifiable information pertaining to a subscriber without the subscriber's express consent, except in limited circumstances as set forth in the statute. Under Section 551, a cable operator may not disclose such material pursuant to a subpoena except to a government entity in accordance with the provisions of subsection (c)(2)(D), which does not appear to apply to the current matter. In order for Comcast to disclose personally identifiable information to a private individual or entity, such as the one identified in your request, subsection (c)(2)(B) requires "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Accordingly, Comcast will not be able to release the requested information in the absence of a court order that complies with Section 551. For your information, a copy of Section 551 is enclosed.

       Further, any such court order should allow Comcast to have seven (7) calendar days after service of the order to notify subscribers that their identity is sought by Plaintiffs and each subscriber whose identity is sought shall have twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the order.

       As an alternative to providing Comcast with a court order under subsection (c)(2)(B) you may also provide us with a written, notarized consent from our subscriber to the disclosure of the information

sought in the Subpoena. Upon our receipt of such a written, notarized consent, Comcast will verify the subscriber's consent by speaking with our customer on the phone number listed in Comcast's billing systems. After proper verification, Comcast would be able to reply with the responsive information. Otherwise, this letter is Comcast's objection to the Subpoena as issued absent an authorizing Court Order.

Unless the Legal Response Center hears from you to the contrary in writing by the close of business **11/10/2015**, Comcast will assume that you will provide a court order that satisfies subsection (c)(2)(B) or written customer consent in due course and that Comcast need take no further action at this time.

In connection with processing the Subpoena, the Legal Response Center has checked Comcast's records and determined that Comcast has limited information responsive to the Subpoena. Therefore, Comcast would be unable to provide responsive information to a court order seeking all of the information requested in the Subpoena.

If you need further assistance please feel free to call 866-947-8572.

Very truly yours,

Comcast Legal Response Center

47 USC § 551 (2002)

§ 551. Protection of subscriber privacy

(a) Notice to subscriber regarding personally identifiable information; definitions.

(1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--
 (A) the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;
 (B) the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;
 (C) the period during which such information will be maintained by the cable operator;
 (D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and
 (E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.
In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

(2) For purposes of this section, other than subsection (h)--
 (A) the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;
 (B) the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and
 (C) the term "cable operator" includes, in addition to persons within the definition of cable operator in section 602 [*47 USC § 522*], any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

(b) Collection of personally identifiable information using cable system.

(1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

(2) A cable operator may use the cable system to collect such information in order to--
 (A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or
 (B) detect unauthorized reception of cable communications.

(c) Disclosure of personally identifiable information.

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

(2) A cable operator may disclose such information if the disclosure is--
 (A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;
 (B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

(C) a disclosure of the names and addresses of subscribers to any cable service or other service, if--
  (i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and
  (ii) the disclosure does not reveal, directly or indirectly, the--
    (I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or
    (II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or
(D) to a government entity as authorized under chapters 119, 121, or 206 of title 18, United States Code [*18 USC §§ 2510* et seq., *2701* et seq., or *3121* et seq.], except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

(d) Subscriber access to information. A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

(e) Destruction of information. A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

(f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy.

  (1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

  (2) The court may award--
    (A) actual damages but not less than liquidated damages computed at the rate of $ 100 a day for each day of violation or $ 1,000, whichever is higher;
    (B) punitive damages; and
    (C) reasonable attorneys' fees and other litigation costs reasonably incurred.

  (3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

(g) Regulation by States or franchising authorities. Nothing in this title [*47 USC §§ 521* et seq.] shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

(h) **Disclosure of information to governmental entity pursuant to court order. Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order--**

  **(1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and**
  **(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.**

IN THE UNITED STATES DISTRICT COURT
FOR THE [DISTRICT]

| [NAME]. | ) | Civil Action No. [number] |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | |
| [NAME], | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' Motion for Leave to Take Immediate Discovery and the supporting Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Comcast Cable Communications, LLC ("Comcast") to obtain the identity of [each John Doe Defendant] by serving a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure requesting the subscriber's name and address; provided, however, that said discovery shall be conditioned on: (a) Comcast having seven (7) calendar days after service of the subpoena to notify subscribers that their identity is sought by Plaintiffs; (b) each subscriber whose identity is sought having twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the subpoena; and (c) payment to Comcast by Plaintiffs of all reasonable costs of: (i) compiling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred responding to discovery. Comcast may provide notice using any reasonable means, including but not limited to written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the subpoena issued under Rule 45 of the Federal Rules of Civil Procedure may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under [nature of claims] as enumerated in the Complaint.

IT IS FURTHER ORDERED THAT any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

IT IS FURTHER ORDERED THAT good faith attempts by Comcast to notify the subscriber(s) shall constitute compliance with this order.

Dated:_____

                                             The Honorable [Name]
                                             United States District Judge