UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SASHA ANTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 15-cv-01175-LB<br><br>**ORDER ON SEALING MOTIONS**<br><br>[ECF Nos. 48, 50] |

## INTRODUCTION

This order addresses two motions by which Defendant Uber Technologies, Inc., seeks to file certain material under seal. The first motion (ECF No. 48)[1] would seal discrete items in Uber's motion directing a third party to comply with a subpoena. (The latter motion, the target of the first sealing request, is ECF No. 49.) The second sealing motion (ECF No. 50) would seal the whole of the parties' current joint discovery letter, including its exhibits (ECF No. 51). Uber filed both motions on November 10, 2015; neither has been opposed. *See* Civ. L.R. 7-11(b). Uber has shown good cause to seal the relevant material. The court grants both motions.

\* \* \*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

15-cv-01175-LB

**ANALYSIS**

Local Rule 79-5 governs sealing motions. Reflecting the applicable case law, that rule states: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Such material is "sealable." *Id.* The motion must be "narrowly tailored to seal only the sealable material . . . ." Civ. L.R. 79-5(d)(1)(B). The motion to seal must thus point to only as much information as is necessary to protect the party's legitimate interest in protecting sensitive material. A "good cause" standard applies to requests to seal non-dispositive motions. *E.g., Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). "Nondispositive motions 'are often "unrelated, or only tangentially related, to the underlying cause of action,"' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos v. Pac Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting in part *Kamakana*, 447 F.3d at 1179). Discovery motions are considered non-dispositive for purposes of sealing analysis. *See Kamakana*, 447 F.3d at 1179-80.

Uber's first motion (ECF No. 48) would seal IP addresses and domain names in (ECF No. 49), Uber's motion to enforce a third-party subpoena. Uber calls this "sensitive information regarding Uber's investigation" to determine "who hacked into Uber's database" in early 2014. (ECF No. 48 at 3; ECF No. 48-1 at 2 (¶ 2).) The company writes: "Public disclosure of this information could possibly jeopardize Uber's ongoing investigation by giving" the target of that probe "insight into the status of Uber's investigation and thus potentially allowing him to take steps to further conceal his identity . . . ." (ECF No. 48-1 at 2 (¶ 2).)

Uber's second motion (ECF No. 50) asks to seal the whole of the parties' current joint discovery letter as well as its accompanying exhibits. The discussion in that letter indeed embodies the "suggestion that the third party" who is named throughout that letter and its related exhibits "may possess relevant information regarding Uber's May 2014 data breach." (ECF No. 50 at 2; ECF No. 50-1 at 2 (¶ 4).) Disclosing this material publicly, Uber argues, could cause that third party "unnecessary reputational damage." (ECF No. 50 at 2; ECF No. 50-1 at 2 (¶ 4).) The court has reviewed the pertinent material and agrees.

Both motions show good cause for sealing. In similar cases, this court has recognized the need to safeguard investigations that would uncover the identity of anonymous wrongdoers. The desire to protect third parties' reputations, too, can be a sound basis for sealing discovery material. *See Kamakana*, 447 F.3d at 1180 ("[I]f 'good cause' is shown in discovery, a district court may issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'") (quoting in part Fed. R. Civ. P. 26(c)). Furthermore, because both motions deal with non-dispositive matters, questions of discovery, there is no significant public interest in having open access to this material. *See Pintos,* 605 F.3d at 978; *Kamakana*, 447 F.3d at 1179-80.

\* \* \*

## CONCLUSION

The court grants Uber's sealing motions. The court seals the discrete information identified at (ECF No. 48 at 3-4), which appears in the target motion (ECF No. 49). The court also seals the whole of the parties' current joint discovery letter, including its exhibits (ECF No. 51).

This disposes of ECF Nos. 48 and 50.

**IT IS SO ORDERED.**

Dated: November 19, 2015

LAUREL BEELER
United States Magistrate Judge