BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Movant
Subscriber

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SASHA ANTMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and DOES 1-50<br><br>Defendants. | Case No. 3:15-cv-01175-LB<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**<br><br>Date: January 14, 2015<br>Time: 9:30 am<br>Ctrm: C – 15th Floor<br>Before: Hon. Laurel Beeler |

**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 14, 2015, at 9:30am, before the Honorable Magistrate Judge Laurel Beeler of the United States District Court for the Northern District of California, Subscriber will and hereby does move the Court, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, for a limited protective order precluding Uber's Subscriber-related discovery directed to Comcast until the Ninth Circuit rules on Subscriber's pending appeal in the *Doe* litigation. Good cause exists for this limited protective order because, as set forth in more detail below, Uber's requested discovery of Comcast will irreparably harm Subscriber's privacy, reputational, and appellate rights in the *Doe* litigation. Further, Uber will not be prejudiced by the limited protective order that Subscriber seeks.

**RELIEF REQUESTED**

Subscriber seeks the following relief: for a limited protective order precluding Uber's request for a subpoena to Comcast seeking Subscriber's identity, internet activity, and other private information until Subscriber's appeal to the Ninth Circuit is complete.

## I. INTRODUCTION

On the same day that the Court dismissed Plaintiff Antman's complaint, Uber served a subpoena on Comcast seeking extensive information about Subscriber's identity and internet activity. This subpoena is improper because it mirrors the Comcast subpoena the Court stayed in the *Doe* litigation pending Subscriber's appeal to the Ninth Circuit. Consistent with that ruling, Subscriber seeks a limited protective order precluding the *Antman* Comcast Subpoena until the Ninth Circuit rules on Subscriber's appeal. This Court has already ruled in *Doe* that the balance of hardships favor a stay of the Comcast discovery, and nothing has occurred here that would change that result. In fact, the balance tips further towards Subscriber now that the appeal is under way—Subscriber's opening brief will be filed in just one week (on December 9, 2015).

Courts have long held that litigants may not use a parallel proceeding to circumvent discovery limitations in another case, and Uber offers no reason why its subpoena to Comcast here should be an exception to that rule. Moreover, good cause exists for a limited protective order because allowing the *Antman* Comcast Subpoena to proceed would irreparably harm Subscriber's privacy, reputational, and appellate rights—rights that have already been recognized and protected by this Court's stay order in the *Doe* Litigation.

Importantly, Uber is not prejudiced by precluding the *Antman* Comcast Subpoena pending Subscriber's *Doe* appeal because Subscriber has confirmed that Subscriber is preserving all relevant responsive information since receiving the *Doe* Comcast Subpoena. Moreover, Uber has no need for the requested Comcast information in the *Antman* case: As Uber successfully argued in its motion to dismiss, it already has all the information necessary to disprove plaintiffs' claimed injury because, according to Uber, only driver's license numbers and names were accessed in the alleged data breach. Uber's attempt to circumvent the *Doe* stay by repurposing the Comcast subpoena in this case should be halted, especially where Uber has already obtained dismissal of the *Antman* complaint.

## II. ISSUE TO BE DECIDED

Whether the Court should issue a limited protective order precluding the *Antman* Comcast Subpoena until the Ninth Circuit has ruled on Subscriber's pending appeal in the *Doe* litigation.

## III. BACKGROUND

### A. This Court has already stayed a substantially similar discovery request in Uber's *Doe* Litigation.

On February 27, 2015, Uber filed a complaint alleging that "[o]n or around May 12, 2014, from an IP address not associated with an Uber employee and otherwise unknown to Uber, John Doe I used the unique security key to download Uber database files containing confidential and proprietary information from Uber's protected computers." *Uber Technologies, Inc. v. John Doe I*, Case No. 15-cv-00908-LB, (N.D. Cal. Feb. 25, 2015) (hereinafter "*Doe* Litigation"), Dkt. No. 1. That same day, Uber revealed in a press release that John Doe I improperly downloaded only driver names and license numbers. Dkt. No. 24-1, Ex. 1. In an alleged effort to identify John Doe I, Uber moved for and the Court granted early discovery against Comcast regarding Subscriber's identity and internet activity. *Id*. at Dkt. No. 20. The Court granted the early discovery based on the sole fact that Subscriber's IP address was one of several that "access[ed] relevant posts on the GitHub site," on which Uber had inadvertently publicized its secret key. *Id*.

Subscriber promptly moved to quash the *Doe* Comcast Subpoena on the grounds that Uber did not meet the strict standards for early discovery, that the subpoena directly impinged on Subscriber's recognized right to proceed on the internet anonymously or pseudonymously, and that the subpoena was overbroad pursuant to Rule 45. *Doe* Dkt. No. 24. The Court denied Subscriber's motion to quash. *Id*. at Dkt. No. 51.

Subscriber appealed the Court's denial and moved to stay the Court's order pending appeal, noting that a stay was the only way to protect Subscriber's privacy, reputational, and appellate rights. *Doe*, Dkt. No. 54. Subscriber also confirmed that Subscriber was preserving responsive information, so a stay would not prejudice Uber. *Id*. at Dkt. No. 66. Uber argued that a stay would prejudice it by causing a "delay [to] the *Antman* consumer class action." Dkt. No. 59 at 2. The Court considered this argument, but granted Subscriber's motion, finding that "the balance of hardships favors Subscriber." *Id*.

Subscriber's opening appellate brief is due December 9, 2015. *Uber Technologies, Inc. v. John Doe*, No. 15-16532 (9th Cir. 2015). Uber has not taken any action to expedite the appeal.

### B. The Court dismissed the *Antman* complaint because plaintiff did not plead an injury-in-fact.

On March 12, 2015, Sasha Antman filed a putative class action against Uber claiming that Uber failed to timely notify its drivers of the alleged May 12 data breach and failed to adequately secure its drivers' data. Dkt. No. 1. From the very beginning of the *Antman* suit, Uber declared that the Plaintiff could not possibly have suffered a cognizable injury and thus discovery should not proceed. Dkt. No. 7 ("Uber submits that unless and until Plaintiff has established that he has standing to invoke the jurisdiction of the Court, discovery should be stayed.").

The Court recently dismissed the complaint on the grounds that plaintiff did not adequately allege Article III standing because he could not establish an injury-in-fact. Dkt. No. 44. Consistent with Uber's arguments, which repeatedly claimed that only names and driver license numbers were revealed to John Doe,[1] the Court explained that because there was no "hack of information such as social security numbers, account numbers, or credit card numbers, there [was] no obvious, credible risk of identity theft that risks real, immediate injury." *Id*.

During the hearing on the motion to dismiss, the Court advised Uber to informally disclose information to Antman regarding the data breach so that Antman could better determine whether he could plead a cognizable injury. Oct. 8, 2015 Hearing Tr., pp. 12-13. Uber has failed to do so. Dkt. No. 46.

Rather than disclose information already in its possession to confirm its repeated statements that no social security information was taken from its database Uber served a subpoena on Comcast seeking much of the same information that it sought regarding Subscriber in the *Doe* litigation. Dkt. No. 49, Ex. 1 (hereinafter "*Antman* Comcast Subpoena"). Uber served its *Antman* Comcast subpoena

---

[1] Dkt. No. 24 (Uber's MTD) at 8:7–8 (arguing that this was "the only information potentially compromised in the alleged data breach"); *id.* at 11:5–8 (claiming that any allegation of injury would be "implausible because the only information exposed in the breach was names and drivers' license numbers" and that "Plaintiff does not, and cannot, demonstrate that any 'other personal information' was accessed"); Dkt. 31 (Uber Reply iso MTD) at 1:3–5 (asserting that the "alleged Uber data breach" "involved the exposure of nothing more than names and drivers' license numbers"); *id.* at 1:11–12 (same); *id.* at 1:21–22 (same); *id.* at 2:2 (same); *id*. at 2:10–12 (same); *id.* at 3:7–8 (same); *id.* at 5:7–8 (same); *id.* at 5:16–17; *id.* at 7:4–5 (same); *id.* at 9:24–25 (same); *id.* at 13:9–10 (same); Dkt. 32 at 1 n.1 (arguing that Mr. Antman's counsel could not possibly allege that the breach "exposed . . . any other information" without violating his 'Rule 11' obligations").

1  on the same day the Court dismissed the complaint.  Comcast promptly responded to the Antman

2  Comcast subpoena stating that, pursuant to the Cable Communications Policy Act, 47 U.S.C. § 551,

3  it could not respond to Uber's subpoena absent a court order.  *Id*. at Ex. 2.

4        Roughly three weeks after receiving Comcast's letter, Uber filed a "Motion for Court Order

5  Directing Comcast to Produce Subpoenaed Records."  Dkt. No. 49.  Uber argued, without any factual

6  support or explanation, that the requested records are "relevant to Uber's defense that Plaintiff lacks

7  standing, and are reasonably calculated to lead to the discovery of admissible evidence."  *Id*. at p. 1

8  (internal quotation omitted).

9        Contrary to Federal Rule 37(a)(1), Northern District Local Rules, and this Court's Standing

10  Order, Uber did not meet-and-confer with Subscriber's counsel prior to serving the subpoena or

11  current motion.

12  **IV.   ARGUMENT**

13        Subscriber seeks a limited protective order precluding the *Antman* Comcast subpoena until the

14  *Doe* appeal is resolved.  "Rule 26(c) confers broad discretion on the trial court to decide when a

15  protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v.*

16  *Rhinehart*, 467 U.S. 20, 36 (1984).  There is good cause for Subscriber's request for a protective

17  order because, as described below, Subscriber's recognized privacy and appellate rights will be

18  harmed if no protective order is granted.  Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1); *Phillips ex rel.*

19  *Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause

20  to exist, the party seeking protection bears the burden of showing specific prejudice or harm will

21  result if no protective order is granted."); *Comm. for Immigrant Rights of Sonoma County v. County*

22  *of Sonoma*, 644 F.Supp.2d 1177, 1210 (N.D. Cal. 2009) (setting out the good cause standard and

23  granting limited protective order precluding discovery until pleadings were set).  Moreover, Uber will

24  not be prejudiced by any delay in obtaining this discovery.

25        Subscriber's motion for a protective order is not intended to, and does not, waive Subscriber's

26  right to move to quash the subpoena.  *See* Dkt. No. 49-1 (Uber's Proposed Order for the Court

27  specifically allows Subscriber 21 days to file such a motion upon receiving any notice from Comcast

28  of a pending subpoena).  Rather, Subscriber confines this motion to the threshold issue of staying the

subpoena pending the outcome of Subscriber's appeal because Subscriber's motion to quash would replicate many of the issues pending before the Ninth Circuit.

### A. Subscriber's recognized privacy and appellate rights will be harmed if no protective order is granted.

Uber may not use discovery in this case to circumvent the Court's stay order in the *Doe* litigation. Courts have long acknowledged the need to protect discovery limitations in parallel proceedings, and this case is no different. *United States v. Santiago-Lugo*, 904 F. Supp. 43, 47–48 (D. P.R. 1995) (holding that litigant cannot use federal discovery to evade limitations in parallel criminal case); *Beard v. N.Y. Cent. R. Co.*, 20 F.R.D. 607, 610 (N.D. Ohio 1957) (holding that litigant cannot use federal discovery to evade limitations in parallel state case); *Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 61 F.R.D. 8, 10 (D. V.I. 1973), *rev'd on other grounds*, 499 F.2d 1391 (3d Cir. 1974) (holding that litigant cannot use federal discovery to evade limitations in arbitration proceedings); *see also* Fed. Prac. & Proc. Civ. § 2040 (3d) ("The courts are alert to preventing discovery procedures in federal civil actions from being employed merely as a device to obtain evidence for use in some other proceeding in which discovery is less extensive.").

The Court stayed the *Doe* Comcast Subpoena because the balance of hardships favored Subscriber, including because Subscriber would be "'needlessly dragged into this litigation and potentially other litigation,'" as Uber is trying to do here. *Doe* Dkt. No. 66. Moreover, allowing Uber to serve the *Antman* Comcast Subpoena would irreparably harm Subscriber's appellate rights because the Ninth Circuit is set to rule on whether the information sought by this very subpoena improperly impinges on Subscriber's privacy, reputational, and other rights.

Uber's argument that the discovery standard is lower here because the *Antman* parties have held their Rule 26(f) conference is without consequence because it ignores both the case law prohibiting parties from circumventing discovery limitations in parallel proceedings and this Court's prior recognition that Subscriber's privacy and appellate rights warrant the protection of a stay. Precluding Subscriber-related discovery in this action in deference to the appeal is well within the Court's discretion. *See Seattle Times Co.*, 467 U.S. at 36; *see also Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Given the significant rights at issue, Subscriber's pending Ninth Circuit appeal on this very discovery, and the dismissal of the *Antman* complaint, the Court should exercise its discretion to

1  bar the *Antman* Comcast Subpoena until after the Ninth Circuit has had an opportunity to rule on
2  Subscriber's appeal.

3     **B.  A stay of the Comcast Subpoena pending the *Doe* appeal will not prejudice Uber.**

4     Importantly, as the Court already ruled in the *Doe* matter, Uber will not be unduly prejudiced
5  by any delay in obtaining Subscriber discovery.  *Doe* Dkt. No. 66.  Subscriber confirmed that
6  Subscriber has preserved evidence since receiving notice of the *Doe* Comcast Subpoena, and
7  continues to fulfill that obligation.  *Id*.  Nothing has changed since this Court's stay order that could
8  prejudice Uber.  In fact, the opposite is true because the Court has since dismissed the *Antman* case.
9  Moreover, Uber has done nothing to expedite the appeal process, undermining any claim that it
10 urgently needs the requested information.

11    Uber also will not suffer any prejudice by precluding the Comcast Subpoena pending
12 Subscriber's *Doe* appeal, because the subpoena seeks information that is irrelevant to the *Antman*
13 litigation.  There is no complaint pending against Uber and it is unclear whether Mr. Antman will be
14 able to cure the defects in his claim and file an amended complaint.  As noted, the Court dismissed
15 Antman's action on the basis that he lacked Article III standing.  The Court held that absent the theft
16 of social security numbers, or some other information that could lead to identity theft, Antman cannot
17 plead a cognizable injury in fact.  Dkt. No. 44.  Since Uber has publicly stated—again and again—
18 that no such theft occurred, it appears unlikely that Antman will be able to file a viable complaint.
19 Without an active complaint, it is impossible to determine whether any of the information requested
20 by the *Antman* Comcast Subpoena is relevant.  Nor does Uber provide any facts to show why it is.
21 Instead, Uber summarily states, without factual support, that the information requested is "relevant to
22 Uber's defense that Plaintiff lacks standing."  Dkt. No. 49.  But Uber has already stated that only
23 driver names and license were taken on May 12, 2014.  Thus, the identity behind an IP address that
24 accessed a GitHub page well before the alleged May 12, 2014 download is not relevant to whether
25 Antman suffered injury in fact.  Without a complaint, and absent any showing by Uber why the
26 *Antman* Comcast Subpoena is relevant in this case, Uber will not suffer any prejudice from an order
27 staying this discovery until completion of Subscriber's appeal.
28

## V. CONCLUSION

For the forgoing reasons, the Court should issue a protective order precluding the *Antman* Comcast Subpoena until the Ninth Circuit has ruled on Subscriber's pending appeal in the *Doe* Litigation.

Dated:  December 2, 2015

BOERSCH SHAPIRO LLP

 /s/Martha Boersch
Martha Boersch

Attorney for Subscriber