UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SASHA ANTMAN, | Case No. 3:15-cv-01175-LB |
| Plaintiff, | |
| v. | **ORDER ON JOINT DISCOVERY LETTER** |
| UBER TECHNOLOGIES, INC., | [ECF No. 51] |
| Defendant. | |

**INTRODUCTION**

This is a discovery dispute. Defendant Uber Technologies, Inc. would propound four subpoenas seeking information related to a non-party. One subpoena is directed to the non-party, the others to unrelated companies who may have information concerning the non-party. The non-party asks the court to delay that discovery until the plaintiff has filed a new complaint — or, more precisely, "until [the] Plaintiff pleads a viable claim." (ECF No. 50-2 at 3.)[1]

The court recently granted Uber's motion to seal the joint discovery letter that embodies this dispute. (ECF No. 52.) The publicly accessible version of that letter (ECF No. 51) is effectively blank. Because referring to that document would be pointless, citations in this order are to the

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents. The court finds this matter suitable for determination without oral argument. *See* N.D. Cal. Civ. L. R. 7-1(b).

ORDER (No. 3:15-cv-01175-LB)

1   sealed version of the joint letter (ECF No. 50-2). So that this order may be public, without

2   revealing the non-party's identity, the rest of this discussion calls the non-party *X*.

3       The court holds that Uber need not await the plaintiff's next complaint before propounding the

4   subpoenas. Before doing so, however, Uber and X must work to resolve X's "substantive

5   objections" to the subpoenas. (*See* ECF No. 50-2 at 8.) They must also propose a protective order

6   that prevents any information gleaned from this discovery from being used in other litigation —

7   including, specifically, *Uber Technologies, Inc. v. Doe*, No. 3:15-cv-908 (N.D. Cal.).

                              \* \* \*

**STATEMENT**

10       Plaintiff Sasha Antman claims that he, and a putative class of other Uber drivers, were harmed

11   when a hacker illicitly accessed Uber's servers and stole information about the drivers. No

12   complaint, however, is pending. The court recently dismissed the plaintiff's First Amended

13   Complaint for want of subject-matter jurisdiction. (ECF No. 44.) The plaintiff had claimed that

14   someone had used the stolen data to apply for a credit card in his name. The court held (in sum)

15   that, because the plaintiff had alleged that the hacker had stolen only drivers' names and driver's-

16   license numbers — and so had not stolen the minimum information that one would need to apply

17   for a credit card (such as Social Security numbers) — he could not establish his alleged injury.

18   More specifically, he had not shown injury in fact or causation. The plaintiff therefore had not

19   alleged facts sufficient to show Article III or statutory standing. (ECF No. 44 at 16-18.) The court

20   gave the plaintiff leave to amend; any new complaint is due by December 21, 2015. (ECF No. 47.)

21       Which brings us to this discovery dispute. The plaintiff and defendant believe that Uber's

22   subpoenas could impact the plaintiff's next amended complaint. They anticipate that the

23   subpoenas may yield information bearing on the viability of the plaintiff's claims and, specifically,

24   on the issues of standing and subject-matter jurisdiction. Uber plans to share with the plaintiff

25   information that the subpoenas uncover. That information may help the plaintiff establish standing;

26   or, it may help show that the plaintiff cannot establish standing. In the latter case, the proposed

27   discovery could forestall the refiling of some or all of the plaintiff's claims.

28       X contends that the subpoenas should be delayed until the plaintiff has filed a new complaint.

ORDER (No. 3:15-cv-01175-LB)

2

Forcing X to respond to subpoenas when there is no complaint pending, X argues, constitutes "a *per se* undue burden" under procedural Rules 26 and 45. (*See* ECF No. 50-2 at 5.)

* * *

## GOVERNING LAW

Rule 45 of the Federal Rules of Civil Procedure authorizes subpoenas commanding a non-party to (among other things) testify, and to produce documents and electronically stored information. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as that applicable under other discovery rules. Fed. R. Civ. P. 45 advisory committee's note (1970). Parties may thus obtain discovery from non-parties about any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

"The basic outlines of the law" in this area "are fairly well-defined." *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). "It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge." *Id.*; *accord, e.g., Beavers-Gabriel v. Medtronic, Inc.*, 2014 WL 7882099, *3 (D. Haw.) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *America West*, 877 F.2d at 801. On the other hand, refusing to allow discovery would be an acceptable use of discretion "where it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *See id.* at 801 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 n. 24 (9th Cir. 1977)).

Other considerations apply to this dispute. First, it is clear that discovery may proceed after a complaint has been dismissed, with leave to amend, before a new complaint has been filed. *See Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Grp.,* 55 F.3d 463, 466-67 (9th Cir. 1995) (case remained "pending," and discovery could proceed, after jurisdictional dismissal with leave to amend), *abrogated on other grounds by Cunningham v. Hamilton Cnty., Ohio,* 527 U.S. 198 (1999); *accord Hoa v. Cate,* 2013 WL 3730249, *1-*2 (N.D. Cal.) (dismissed defendant remained subject to discovery as non-party); *Monolithic Power Sys., Inc. v. Silergy Corp.*, 2015 WL 3799533, *4 (N.D. Cal.) (allowing party to "pursue discovery before deciding whether to" amend

ORDER (No. 3:15-cv-01175-LB)

3

complaint and re-attempt dismissed claim); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008) (noting that plaintiffs had been allowed to conduct discovery after their original complaint was dismissed).

Second, if moved to do so, the court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The court has "ample discretion" to modify a subpoena that unduly burdens a nonparty. *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012) (quoting in part *Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 779 (9th Cir. 1994)). Nonparties subject to production subpoenas moreover "deserve[] extra protection from the courts." *Soto*, 282 F.R.D. at 504 (quoting in part *High Tech Med. Instrumentation v. New Image Indus.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing in turn *United States v. Columbia Broadcasting Sys.,* 666 F.2d 364, 371-72 (9th Cir. 1982)). That said, the non-party seeking to modify a subpoena — in this case, by delaying it — has the burden of persuading the court that the subpoena presents an undue burden. *See Personal Audio LLC v. Togic Entm't,* 2014 WL 1318921, *2 (N.D. Cal.) (discussing motion to quash); *Luck v. Univ. of San Diego*, 2014 WL 7111950, *2 (S.D. Cal.); *cf.* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a . . . person from . . . undue burden . . . .").

"In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *Soto,* 282 F.R.D. at 504 (quoting in part *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005)). "Generally, this requires consideration of 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Soto,* 282 F.R.D. at 504 (quoting in part *Moon,* 232 F.R.D. at 637).

\* \* \*

**ANALYSIS**

The court has reviewed the subpoenas, carefully weighed Uber's and X's arguments, and concludes that — on the conditions set out below — these subpoenas will not unduly burden X or the other entities to whom they are directed, and so need not be delayed. The plaintiff and Uber

ORDER (No. 3:15-cv-01175-LB)

4

1 anticipate that these subpoenas will yield information that will impact the critical question of the
2 plaintiff's standing and thus this court's subject-matter jurisdiction. The parties may prove wrong
3 in that expectation but it is a sensible one. The jurisdictional issue is obviously crucial to the
4 plaintiff's claims. The subpoenas — in the "breadth" of material they ask for, the "time period"
5 they cover, and the "particularity" with which they describe the target material — are, for the most
6 part, appropriately limited to information related to the data breach that underlies the plaintiff's
7 case. Uber and X have stated that they must still work together to resolve "substantive" questions
8 about "cost, privacy, trade-secret protection," and other matters. (ECF No. 50-2 at 8.) But, on the
9 question of *when* the subpoenas may issue, whether they must await a newly amended complaint
10 that "pleads a viable claim," the court holds that the gravity of the information these subpoenas
11 may reveal outweighs any burden to the subpoenaed parties.

12     The court is not persuaded by X's arguments to the contrary. For example, in the present
13 circumstances, the court sees nothing significant in the fact that it is here a defendant, rather than a
14 plaintiff, who is seeking non-party discovery between iterations of the underlying complaint. Case
15 law allows both parties to take discovery during that interim, and the court has seen no authority
16 suggesting that defendants are specially barred from taking post-dismissal, pre-amendment, non-
17 party discovery. *See, e.g., Jones v. Premier One Funding, Inc.*, 2010 WL 841277, *3-*4 (N.D.
18 Cal.) ( permitting non-party discovery after dismissal to possibly revive claims); *Godoy v. Cnty. of*
19 *Sonoma,* 2015 WL 4881348, *5 (N.D. Cal.) ("parties should proceed with discovery" after
20 dismissal of original claims "to determine what role . . . defendants played in the alleged
21 conduct"). Nor can the court discern any cogent reason that defendants should be forbidden such
22 discovery. X argues that "defendants don't need discovery when the cases against them have been
23 dismissed." (ECF No. 50-2 at 4.) But that ignores the practical reality of this situation. The
24 plaintiff has been given leave to amend his complaint and a refiling looms. The case is therefore
25 still "pending" and so admits of normal discovery. *See, e.g., Telluride Management Solutions,* 55
26 F.3d at 466-67. Again, X has not identified, and the court has not found, any principled reason that
27 such discovery should be deferred merely because a *defendant*, rather than a plaintiff, pursues it.
28 That distinction may make sense in some circumstances but it does not here. Especially where the

ORDER (No. 3:15-cv-01175-LB)

5

1  court understands that Uber will share with the plaintiff the information discovered, so that the
2  subpoenas may either promote a factually fuller, more accurate complaint — or show that the
3  plaintiff cannot establish jurisdiction at all, thereby obviating a further complaint.

4  X also points to arguable inconsistencies in Uber's position over the course of this young
5  lawsuit. Earlier, for instance, Uber maintained that discovery would be inappropriate before the
6  plaintiff had survived a motion to dismiss. (*See* ECF No. 23 at 6-7.) Uber says that its position has
7  changed because it uncovered information that X may be behind the data breach. (ECF No. 50-2 at
8  7.) Uber offers no declaration or factual detail to support that claim. Furthermore, Uber has
9  elsewhere said that the data breach leaked only certain, limited information. (*E.g.*, ECF No. 24 at
10  9; *see* ECF No. 31 at 5.) It now says that it is "*not* in a position to know what information was
11  taken," and so needs the proposed subpoenas. (*See* ECF No. 50-2 at 7 n. 9) (emphasis in original).

12  The court appreciates X's point. Nevertheless, given that the requested discovery may impact
13  standing and jurisdiction, the court thinks the subpoenas mark out an important avenue to pursue,
14  whatever the character of Uber's evolving arguments. That is not to let inconsistency off the hook;
15  it is only to recognize the potential import of the sought information. And, whatever Uber has said
16  about how much information was taken, there is of course another party — the plaintiff — who
17  claims that the hacker made off with something more. It is thus the court's own estimation that the
18  proposed discovery could yield information relevant to this suit and, specifically, to the questions
19  of standing and jurisdiction. *Cf. Jones*, 2010 WL 841277 at *3 ("[N]onparty discovery" may
20  "reveal[] a basis for asserting viable . . . claims against" the defendant.)

\* \* \*

## CONCLUSION

The subpoenas (*see* ECF No. 50-2 at 11-22, 24-29, 31-35, 37-42) need not be delayed until the plaintiff files an amended complaint. The court directs the parties to confer on, and work to resolve, X's "substantive objections" to the subpoenas. (*See* ECF No. 50-2 at 8.) The court also directs Uber and X to propose a protective order that prevents any information gleaned from this discovery from being used in other litigation — including, specifically, *Uber Technologies, Inc. v. Doe*, No. 3:15-cv-908 (N.D. Cal.). The defendant may not disclose any information obtained from

ORDER (No. 3:15-cv-01175-LB)                                                6

these subpoenas, for any purpose, before the court enters that protective order.

This disposes of ECF No. 51.

**IT IS SO ORDERED.**

Dated: December 2, 2015

_____
LAUREL BEELER
United States Magistrate Judge